# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EUNICE OJO, Administratrix of THE ESTATE OF EMMANUEL OJO, <br><br> Plaintiff, <br><br> v. <br><br> CLARKS SUMMIT HOSPITALITY, LLC d/b/a NICHOLS VILLAGE HOTEL AND SPA, et al., <br><br> Defendants. | CIVIL ACTION NO. 3:17-cv-01064 <br><br> (JUDGE CAPUTO) |

## **MEMORANDUM**

Presently before the Court is a Complaint filed by Plaintiff Eunice Ojo, Administratrix of the Estate of Emmanuel Ojo. (Doc. 1.) Because the Complaint fails to establish that the Court has subject matter jurisdiction over this action, it will be dismissed unless Plaintiff can show that diversity jurisdiction is proper.

## I. Background

Plaintiff commenced this action on June 16, 2017. (Compl., Doc. 1.) Plaintiff alleges that this Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332(a)(1), "based upon diversity of citizenship." (*Id.* ¶ 8.) Plaintiff also asserts that the amount in controversy exceeds $75,000. (*Id.* ¶ 9.) With respect to Plaintiff's citizenship, the relevant allegation in the Complaint is that the Decedent, Emmanuel Ojo, "resided at 216 Rockaway Avenue, Apt. 7-O, Brooklyn, New York 11233," prior to his death. (*Id.* ¶ 2.) With respect to the citizenship of Defendant Clarks Summit Hospitality, LLC, the relevant allegation in the Complaint is that "Clarks Summit Hospitality, LLC is a business entity

regularly conducting business as Nichols Village Hotel and Spa registered to do business in the Commonwealth of Pennsylvania . . . ." (*Id.* ¶ 4.) As to Defendant Hospitality Cover Plus, LLC, the relevant allegation in the Complaint is that "Hospitality Cover Plus, LLC is a business entity regularly conducting business as The Inn at Nichols Village. . . ." (*Id.* ¶ 5.) Lastly, as to Defendant Nichols Village Motor Inn, Inc., the relevant allegation is that "Nichols Village Motor Inn, Inc., is a business entity regularly conducting business as The Inn at Nichols Village registered in the Commonwealth of Pennsylvania to do business at RD 1. . . ." (*Id.* ¶ 6.)

## II. Analysis

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *See Shaffer v. GTE N., Inc.*, 284 F.3d 500, 502 (3d Cir. 2002) (citing *Club Comanche, Inc. v. Gov't of the V.I.*, 278 F.3d 250, 255 (3d Cir. 2002)). Plaintiff's Complaint alleges that the Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. In order for diversity jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Of course, "[t]he person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993). "It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of

citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs. of Ohio State Univ.*, 195 U.S. 207, 211 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

**A.     Citizenship of Plaintiff**

The Complaint fails to adequately allege the citizenship of Plaintiff. For purposes of diversity jurisdiction, "where the plaintiff is the representative of the estate of a decedent, the plaintiff is deemed to acquire the citizenship of the decedent at the time of the decedent's death." *Ramsey v. Devereux Found.*, No. 16-299, 2016 WL 3959075, at *3 (E.D. Pa. July 22, 2016) (citing 28 U.S.C. § 1332(c)(2)). Thus, Plaintiff Eunice Ojo's citizenship as Administratrix of the Estate of Emmanuel Ojo is determined by Emmanuel Ojo's citizenship at the time of his death. *Id.*

For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state in which he is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)). To be domiciled in a state, a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan*, 465 F.2d 1298, 1300-01 (3d Cir. 1972). A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619, 625 (1914).

3

To the extent the Complaint alleges that Decedent "resided" in an apartment in New York prior to his death, this is not sufficient. Residence is not the same as domicile and does not establish citizenship for diversity purposes. *See Krasnov*, 465 F.2d at 1300 ("Where one lives is *prima facie* evidence of domicile, but mere residency in a state is insufficient for purposes of diversity.") (internal citations omitted). To properly plead diversity, Plaintiff must allege the Decedent's state of citizenship at the time of his death, not merely the Decedent's state of residence. As the Complaint does not contain this fact, the Court cannot determine whether subject matter jurisdiction exists.

**B.      Citizenship of Defendants**

Plaintiff also fails to correctly plead the citizenship of any of the three Defendants. If a party is a corporation, in order to properly plead diverse citizenship, a plaintiff must allege both the corporation's state of incorporation and its principal place of business. *See VICI Racing, LLC v. T-Mobile USA, Inc.*, 763 F.3d 273, 282 (3d Cir. 2014). A corporation's principal place of business is its "nerve center," the place "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). A corporation may have only one principal place of business, and proper invocation of diversity jurisdiction requires the plaintiff to allege where a corporation has its principal place of business. *See S. Freedman & Co., Inc. v. Raab*, 180 Fed. Appx. 316, 320 (3d Cir. 2006). Separately, if a party is a limited liability company ("LLC"), for purposes of diversity jurisdiction the citizenship of the LLC is determined by the citizenship of each of its members. *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). The citizenship of an LLC's member(s) depends on whether the member(s) is a natural or

4

artificial person. A natural person is deemed to be a citizen of the state in which he is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)). As noted above, to be domiciled in a state, a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan*, 465 F.2d 1298, 1300-01 (3d Cir. 1972). A corporation (an artificial person) "is a citizen both of the state where it is incorporated and of the state where it has its principal place of business." *Zambelli Fireworks Mfg. Co., Inc.*, 592 F.3d at 419.

The Complaint alleges that Defendant Clarks Summit Hospitality, LLC and Defendant Hospitality Cover Plus, LLC (the "LLC-Defendants") are each a "business entity regularly conducting business" in Pennsylvania, and that the former is registered to do business in Pennsylvania. (Compl. ¶¶ 4-5.) This is not sufficient. As noted above, the citizenship of an LLC is determined by the citizenship of each of its members. To properly plead diversity jurisdiction, Plaintiff must allege the citizenship of each of the LLC-Defendants' members in order to establish the citizenship of each Defendant. Because the Complaint contains no information about who the members of the LLC-Defendants are or what their citizenship is, it is impossible for the Court to determine whether diversity jurisdiction exists. *See Maxim Crane Works, LP v. Smith Transp. Servs., Inc.*, No. 15-597, 2016 WL 757791, at *3 (W.D. Pa. Feb. 26, 2016). Likewise, the Complaint alleges that Defendant Nichols Village Inn, Inc. is a business entity registered to do business in Pennsylvania. (Compl. ¶ 6.) This, too, is not sufficient. A corporation "is a citizen both of the state where it is incorporated and of the state where it has its principal place of business." *Zambelli Fireworks Mfg. Co., Inc.*, 592 F.3d at 419. As Plaintiff has not alleged these facts, the Court is also unable to determine the

citizenship of this Defendant.

### III. Conclusion

Because the Court cannot determine whether subject matter jurisdiction exists, this matter is subject to dismissal under Federal Rule of Civil Procedure 12(h)(3). However, Plaintiff will be given an opportunity to amend the Complaint and show that diversity of citizenship jurisdiction exists. Plaintiff will be granted fourteen (14) days in which to file an amended complaint. Failure to do so will result in this action being dismissed.

An appropriate order follows.

| | |
|---|---|
| June 22, 2017<br>Date | /s/ A. Richard Caputo<br>A. Richard Caputo<br>United States District Judge |