**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EUNICE OJO, Administratrix of THE ESTATE OF EMMANUEL OJO, | CIVIL ACTION NO. 3:17-cv-01064 (JUDGE CAPUTO) |
| Plaintiff, | |
| v. | |
| CLARKS SUMMIT HOSPITALITY, LLC d/b/a NICHOLS VILLAGE HOTEL AND SPA, and NICHOLS VILLAGE MOTOR INN, INC. d/b/a THE INN AT NICHOLS VILLAGE, | |
| Defendants. | |

## MEMORANDUM

Presently before the Court is an Amended Complaint filed by Plaintiff Eunice Ojo, Administratrix of the Estate of Emmanuel Ojo. (Doc. 6.) Because the Amended Complaint again fails to establish that the Court has subject matter jurisdiction over this action, it will be dismissed unless Plaintiff can show that diversity jurisdiction is proper.

## I. Background

Plaintiff commenced this action on June 16, 2017. (Doc. 1.) On June 22, 2017, the Court granted Plaintiff leave to file an Amended Complaint which properly pleaded the existence of subject matter jurisdiction. (Docs. 3 & 4.) Plaintiff filed an Amended Complaint on July 6, 2017, naming as Defendants Clarks Summit Hospitality, LLC d/b/a Nichols Village Hotel and Spa, and Nichols Village Motor Inn, Inc. d/b/a The Inn at Nichols Village.[1] (Am.

---

[1]      Plaintiff also filed a Notice of Voluntary Dismissal, dismissing without prejudice Hospitality Cover Plus, LLC d/b/a The Inn at Nichols Village, which had been

Compl., Doc. 6.) Plaintiff alleges that this Court has subject matter jurisdiction over the action

pursuant to 28 U.S.C. § 1332(a)(1), "based upon diversity of citizenship." (*Id.* ¶ 8.) Plaintiff

also asserts that the amount in controversy exceeds $75,000. (*Id.* ¶ 9.) With respect to the

citizenship of Defendant Nichols Village Motor Inn, Inc. d/b/a The Inn at Nichols Village, the

relevant allegation in the Amended Complaint is that "Nichols Village Motor Inn, Inc. is a

business entity regularly conducting business as The Inn at Nichols Village and registered

in the Commonwealth of Pennsylvania to do business at RD 1, Clarks Summit, Lackawanna

County, Pennsylvania 18411 with a principal place of business at 1100 Northern Blvd., Clarks

Summit, Lackawanna County, Pennsylvania 18411." (*Id.* ¶ 6.)

## II. Analysis

Federal courts have an obligation to address issues of subject matter jurisdiction *sua*

*sponte*. *See Shaffer v. GTE N., Inc.*, 284 F.3d 500, 502 (3d Cir. 2002) (citing *Club*

*Comanche, Inc. v. Gov't of the V.I.*, 278 F.3d 250, 255 (3d Cir. 2002)). Plaintiff's Amended

Complaint alleges that the Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Section

1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in

controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between

citizens of different states. In order for diversity jurisdiction to exist, there must be complete

diversity, meaning that each defendant must be a citizen of a different state from each

plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Of course, "[t]he

person asserting jurisdiction bears the burden of showing that the case is properly before the

court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d

---

named as a Defendant in the original Complaint. (Doc. 5.)

Cir. 1993). "It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs. of Ohio State Univ.*, 195 U.S. 207, 211 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

A. **Citizenship of Defendant Nichols Village Motor Inn, Inc. d/b/a The Inn at Nichols Village**

Although Plaintiff's Amended Complaint cures some of the jurisdictional defects contained in the original Complaint, the Amended Complaint still fails to correctly plead the citizenship of Defendant Nichols Village Motor Inn, Inc. d/b/a The Inn at Nichols Village. As this Defendant is alleged to be a corporation, in order to properly plead diverse citizenship, Plaintiff must allege both the Defendant's principal place of business and state of incorporation. *See VICI Racing, LLC v. T-Mobile USA, Inc.*, 763 F.3d 273, 282 (3d Cir. 2014).

The Amended Complaint states that this Defendant is "a business entity regularly conducting business as The Inn at Nichols Village and registered in the Commonwealth of Pennsylvania to do business at RD 1, Clarks Summit, Lackawanna County, Pennsylvania 18411 with a principal place of business at 1100 Northern Blvd., Clarks Summit, Lackawanna County, Pennsylvania 18411." (Am. Compl. ¶ 6.) This is not sufficient. While Plaintiff adequately pleads the Defendant's principal place of business, Plaintiff omits any allegation

3

concerning the Defendant's state of incorporation. The allegation that the Defendant is registered to do business in Pennsylvania is not equivalent to an allegation that the Defendant is incorporated in the Commonwealth of Pennsylvania. *See Randazzo v. Eagle-Picher Indus., Inc.*, 117 F.R.D. 557, 558 (E.D. Pa. 1987); *see also U.S. Foodserv., Inc. v. Long Island Rest., LLC*, No. 3:06-cv-1293, 2008 WL 144217, at *2 (M.D. Pa. Jan. 11, 2008) ("Plaintiff is registered to do business in New York, but is not incorporated in that state.") Accordingly, because Plaintiff fails to adequately plead this Defendant's state of incorporation, the Court cannot determine whether complete diversity exists in this case.

### III. Conclusion

Because the Court cannot determine whether subject matter jurisdiction exists, this matter is subject to dismissal under Federal Rule of Civil Procedure 12(h)(3). However, Plaintiff will be given another opportunity to amend and show that diversity jurisdiction exists. Plaintiff will be granted seven (7) days in which to file a second amended complaint. Failure to do so will result in this action being dismissed.


An appropriate order follows.



July 7, 2017                                      /s/ A. Richard Caputo
Date                                             A. Richard Caputo
                                                 United States District Judge